EDWIN  A.  LUCE  *vs.*  THEODORE  G.  MAYHEW  &  others.

A certificate of the number of votes given for county commissioner at a town meeting
duly held for that purpose, and of the result thereby appearing, signed " Attest, J. S.,"
without showing that it is a copy of the town record, or that J. S. is town clerk, is not a
return which the board of examiners are authorized to receive, or will be required by
mandamus to consider, in determining who is elected county commissioner.

HOAR, J.   This case arises upon an alternative writ of *manda-*
*mus*, issued upon the petition of Edwin A. Luce, of Tisbury, in
which the petitioner alleges that he was duly elected a county
commissioner for the county of Duke's County, at the election in
November 1858 ; that the board of examiners for that county
met according to the requirements of law ; that by the returns
made to said examiners it appeared that the petitioner had
received the highest number of votes at said election ; that it
was thereupon their duty to declare the petitioner to be duly
elected to said office, and forthwith to give him a written notice
to that effect, in due form of law ; that they have neglected and
refused to declare him duly elected as such commissioner, and
to give him written notice of his election; but on the contrary,
have given a certificate of election to said office to William S.
Vincent, who was not legally elected thereto.

The writ was served upon the examiners, who appeared at
May term 1859 in Barnstable, and showed cause why a per-
emptory *mandamus* should not issue ; and notice of the pen-
dency of these proceedings was given, by order of the court, to
William S. Vincent, the incumbent of the office.

At the hearing it was proved and admitted, that when the
board of examiners met to examine the returns of votes trans-
mitted to them, papers purporting to be returns of votes from
each of the three towns in the county of Duke's County were
received by them ; that they rejected the returns from the towns
of Tisbury and Chilmark, as not being made in conformity with
the requirements of law ; that William S. Vincent had a large
majority of the votes given in the town of Edgartown, from
which town a correct return was received, and that he was

thereupon declared duly elected, and a certificate of his election was given to him.

It also appeared that if the returns from Tisbury and Chilmark had both been received and counted, the petitioner would have been entitled to the certificate of election; but that if either of them were rejected, the result of the election would be the same as if the vote of Edgartown alone were counted; the plurality for Luce in either not being in itself sufficient to counterbalance the plurality for Vincent in Edgartown.

The question then arises whether the returns from either town were rightly rejected by the board of examiners. The only return received by them from the town of Chilmark was the following :

" At a legal meeting of the inhabitants of the town of Chilmark, in Duke's County and Commonwealth of Massachusetts, qualified to vote in elections, holden on the second day of November, in the year eighteen hundred and fifty eight, for the purpose of voting for a county commissioner for said county, the votes given in were sorted, counted, recorded and public declaration thereof made, and were for the following persons :

Whole number of ballots . . . forty four.
Edwin A. Luce . . . . thirty one.
William L. Vincent . . . . thirteen.

Tristram Mayhew,   Selectmen
Smith Mayhew,   of
Moses C. Vincent,   Chilmark.

Attest: Jas. N. Tilton."

Two objections are made to the validity of this return : 1. That it does not purport to be a copy of the town record; and 2. That it does not purport to be attested by any town clerk.

The statutes from which the powers and duties of the board of examiners are derived are the Rev. Sts. *c.* 14, §§ 17, 18, 19, 38 ; *Sts.* 1854, *c.* 77 ; 1855, *c.* 3.

It is obvious, from an examination of these statutes, that the duties of the board of examiners are simply ministerial. By § 18, of *c.* 14 of the Rev. Sts., they are required to meet at a time

specified, and to "examine the returns of votes transmitted to them, and, if any person shall be found to have a majority of all the ballots," to give the person elected· written notice of his election.  By subsequent statutes, the time of their meeting is changed, and a " plurality " of votes is substituted for a " majority."  They are not made a judicial tribunal, nor authorized to decide upon the validity or the fact of the election, in any other mode than by an examination of " the returns " made to them, according to law.  They are not required or authorized to hear witnesses, or weigh evidence.  They have no power to send for persons or papers.  If one result appears upon the returns, and another is the real truth of the case, they can only act upon the former.  If they have done their duty, the remedy of the person actually elected to the office is not to be sought in a *mandamus.*  This court has no power to direct public officers to do any more than their duty, or anything different from their duty.

The decision of the case must then depend upon the answer to be given to the question, whether the paper received from the town of Chilmark was a "return," such as the law prescribes, and which the board of examiners were required by law to examine and treat as a legal return.  The court are of opinion that it was not.  It does not purport to be a copy of a town record, but is a certificate, apparently original, of certain facts which it recites.  It is not attested by any person describing himself, or in any way appearing upon the paper to be, the town clerk of Chilmark.  The board of examiners had no official knowledge, and were not required to ascertain or know, that the person signing his name " Jas. N. Tilton " was in fact such town clerk.  The " return " required by Rev. Sts. *c.* 14, § 17, is a copy of the town record, signed by the selectmen and attested by the town clerk.  The board of examiners were not required by law to receive, examine or treat as a return any paper which did not appear upon its face to be such a return.  The respondents having therefore sustained the issue raised upon their answers, are entitled to a judgment for their costs.

*Judgment for the respondents for costs.*

*G. Marston,* for the petitioner, cited *Strong, petitioner,* 20 Pick. 484; *Ellis* v. *County Commissioners,* 2 Gray, 370; *Taft* v. *Adams,* 3 Gray, 126.

*J. M. Day,* for the respondents, cited *Strong, petitioner,* 20 Pick. 491, 492, 497, 498; *Warren* v. *Mayor & Aldermen of Charlestown,* 2 Gray, 84; *Commonwealth* v. *Ayer,* Mass. Election Cases, (ed. of 1852) 682, 683, 685.